# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| SNYDER BROTHERS, INC., | : | No. 166 WAL 2017 |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from the Order of the Commonwealth Court |
| v. | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| Petitioner | : | |
| PENNSYLVANIA INDEPENDENT OIL & GAS ASSOCIATION, | : | No. 167 WAL 2017 |
| Respondent | : | Petition for Allowance of Appeal from the Order of the Commonwealth Court |
| v. | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 18th day of October, 2017, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

(1) On a question of first impression involving substantial public interest, did the Commonwealth Court err in finding that the definition of "stripper well" in the Unconventional Gas Well Impact Fee Act of 2012 (Act 13), was clear and unambiguous?

(2) Is the Commonwealth Court's Opinion based on factual and legal errors and is it a significant departure from accepted judicial practices?

    a. Did the Commonwealth Court err in its statutory construction analysis, misreading the definition of "stripper well" in Act 13, ignoring relevant legislative history, and ultimately reaching a conclusion that is an absurd result?

    b. Where the Commission is charged with the administration and enforcement of the impact fee provisions of Act 13, did the Commonwealth Court err in failing to give deference to the Commission's interpretation of Act 13?